IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MICHAEL LEE GORDON,

       Petitioner,    :     Case No. 2:25-cv-00433

  - vs -                           District Judge Douglas R. Cole
                                      Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                              :
       Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case pursuant to 28 U.S.C. § 2241, brought *pro se* by Petitioner Michael Gordon, is before the Court on Gordon's Objections (ECF No. 6) to the Report and Recommendations recommending dismissal ("Report," ECF No. 4). District Judge Cole has recommitted the case for consideration of the Objections (ECF No. 7).

The Report was made upon preliminary review under Rule 4 and noted that Petitioner was imprisoned in Iowa so that any habeas corpus challenge had to be filed in the federal district in which he was imprisoned.

Gordon writes that he is a federal inmate transferred to the Iowa Department of Corrections to serve a federal sentence imposed by this Court in Case No. 2:97-cr-167 (Objections, ECF No. 6, PageID 47). He claims his life is being threatened by being confined with known gang members and he is being denied access to legal materials, including those necessary to challenge his conviction from the Franklin County Court of Common Pleas. He asserts this is the only court

1

which has jurisdiction over the Director of the Ohio Department of Rehabilitation and Corrections. *Id.*

It is unquestionably true that this Court can exercise personal jurisdiction over Annette Chambers-Smith, the ODRC Director. But Petitioner has not sued Director Smith or any other person over whom this Court has personal jurisdiction. Although he has named the United States of America as Respondent, he seeks relief in habeas corpus from the entity which has imprisoned, the Iowa Department of Corrections.

The Report relies on the simple legal proposition that habeas corpus under 28 U.S.C. § 2241 must be brought in the federal district where the Petitioner is confined. That proposition has recently been reaffirmed at the highest level. "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J.G.G.* 604 U.S. ___, 2025 WL 1024097 (Apr. 7, 2025) quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Because Gordon is not confined in this judicial district, this Court does not have jurisdiction over his case. The Magistrate Judge again recommends it be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 22, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

!

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #