**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL LEE GORDON,**

      **Petitioner,**

      **v.**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**Case No. 2:25-cv-433**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Merz**

### OPINION AND ORDER

In his April 25, 2025, Report and Recommendation (R&R, Doc. 4, #27) Magistrate Judge Merz recommends that the Court dismiss Petitioner Michael Lee Gordon's Petition for Writ of Habeas Corpus (Doc. 3) because the Court lacks jurisdiction over it. Gordon objected. (Doc. 6). After this Court recommitted the matter to the Magistrate Judge to consider Gordon's objections, Magistrate Judge Merz issued a Supplemental R&R, once again recommending this Court dismiss the petition. (Doc. 8). Gordon again objected to that Supplemental R&R. (Doc. 9). This Court recommitted the matter once again, (Doc. 12), leading Magistrate Judge Merz to issue a second Supplemental R&R, (Doc. 13). And Gordon objected to that as well. (Doc. 14). Beyond that, in his objections to the first Supplemental R&R, Gordon also had moved to add more respondents to his petition. (Doc. 9). Magistrate Judge Merz denied that request, (Doc. 10), and Gordon objected to that order and moved for reconsideration, (Doc. 11).

But while the road has been long, it ends here. The Court agrees that it lacks jurisdiction over Gordon's Petition (Doc. 3). Accordingly, the Court **OVERRULES** Gordon's objections (Docs. 6, 9, 11, 14), **ADOPTS** the R&R and two Supplemental R&Rs (Docs. 4, 8, 13), and **DISMISSES** this matter **WITHOUT PREJUDICE**.

## BACKGROUND

In 1999, the government indicted Petitioner Michael Lee Gordon for engaging in multiple armed robberies. (Pet. Doc. 3, #15). That earned him convictions in the Southern District of Ohio for seven Hobbs Act robberies (under 18 U.S.C. § 1951) and seven related firearms offenses (under 18 U.S.C. § 924(c)). (*Id.* (citing *United States v. Gordon*, No. 2:97-cr-167-6)). Those convictions resulted in a sentence of 1,651 months—a little over 137 years—imprisonment. (*Id.*). Separately, the State of Ohio charged him in the Franklin County Court of Common Pleas with involuntary manslaughter, kidnapping, and felonious assault. (*Id.* (citing Case No. 01-cr-3612)). A jury convicted him of those offenses as well, and he received a sentence of 19 years imprisonment, to run consecutively to his federal sentence. (*Id.*). Gordon has filed many appeals regarding both of these sentences in the intervening twenty years. (*Id.* at #15–16).

Now, he is imprisoned in an Iowa Department of Corrections facility "as part of an intra [sic] state compact transfer." (*Id.* at #15). In his writ of habeas corpus, which he filed under 28 U.S.C. § 2241, Gordon takes issue with several aspects of his transfer there. First, he alleges that Iowa's Department of Corrections does not provide adequate resources in its electronic law library and thus interferes with his

access to the courts. (*Id.* at #16–17). Second, he "challenge[s] the execution of his sentence or confinement that is not the result of a criminal court's judgment." (*Id.* at #16). Lastly, and perhaps most immediately concerning, he argues against his transfer to the Iowa Department of Corrections on grounds that his safety is at risk, as evidenced by a recent attack. (*Id.* at #17–18).

Magistrate Judge Merz preliminarily reviewed the petition. (Doc. 4, #27). In his R&R regarding that review, he advised the Court to dismiss the petition because the Court lacks jurisdiction over the proper respondent, the Iowa Department of Corrections. (*Id.*). As Magistrate Judge Merz noted, and as Gordon himself seems to concede, (*see* Doc. 3, #17), a habeas petition "must be brought in the District where a petitioner is confined," (Doc. 4, #27). So, rather than filing in Ohio, the R&R said, Gordon should have filed his petition in Iowa. (Doc. 4, #27).

Gordon did not immediately object to the R&R; instead he filed additional documentation to support his petition. (Doc. 5). But then he later objected to the R&R and requested an evidentiary hearing. (Doc. 6). Specifically, he objected to the finding that this Court lacks jurisdiction. (*Id.* at #47). According to Gordon, jurisdiction turns more on the place of conviction, not the place of confinement, and this Court, he says, has jurisdiction over both his federal and state convictions. (*Id.*). Additionally, he argues this is the "only court that has jurisdiction over the Director of the Ohio Department of Corrections," Annette Chambers-Smith. (*Id.* at #48). Lastly, he clarifies that the relief he requests is to "(1) be transferred back to the federal Bureau of Prisons; (2) to be sent to the Ohio Department of Corrections for the service of both

3

his federal and State of Ohio convictions; and/or (3) to be provided both federal and State of Ohio [legal resources]." (*Id.* at #48).

The Court recommitted the matter to Magistrate Judge Merz, (Doc. 7), who subsequently issued a Supplemental R&R, (Doc. 8). There, he again concluded that this Court lacks jurisdiction. The R&R acknowledged that the Court has jurisdiction over ODRC Director Chambers-Smith, but noted that Gordon did not sue her. (*Id.* at #54). Instead, Gordon sued the United States of America. But the entity confining him is the Iowa Department of Corrections, so that entity would be the proper respondent. (*Id.*).

Gordon objected to this R&R as well. (Doc. 9). In those objections, he also attempted to add as Respondents Annette Chambers-Smith (as ODRC Director) and an unknown United States Marshal (seemingly to help with a transfer to a different facility).[1] (*Id.* at #56–58). But Magistrate Judge Merz denied those additions, explaining that (1) Chambers-Smith does not have authority over the Iowa institution in which Gordon is confined and thus cannot grant the relief he requests, (Doc. 10, #61–62), and (2) the petition does not state a claim against a U.S. Marshal, (*id.* at #62).

Gordon once again objected to that order and moved for reconsideration of it. (Doc. 11). There, he largely reiterated his previous arguments that Chambers-Smith is the only person able to grant him relief, both as to his access to Ohio electronic law

---

[1] Because the objections sought this additional affirmative relief, the objections were also docketed as a separate Motion to Supplement, Amend, and Add Additional Respondents.

library materials and to arrange for him "to serve both his federal and State of Ohio sentences at one (1) State of Ohio institution." (*Id.* at #63–65). Gordon also added that his sister is "severely sick," and she cannot visit him in Iowa because of the distance. (*Id.* at #66). So Gordon requested he be transferred to Ohio where she could more easily visit. (*Id.*).

This Court once again recommitted the matter to Magistrate Judge Merz, (Doc. 12), who issued a second Supplemental R&R (Doc. 13). There, beyond repeating that the Court does not have jurisdiction, the Magistrate Judge explained that Gordon should bring any claims about the conditions of confinement under 42 U.S.C. § 1983, rather than in a habeas petition, but that in any event his concerns about his sister's difficulty in visiting him are not cognizable under the Constitution. (*Id.* at #72–73). And Gordon objected once more, arguing he properly brought a petition challenging his transfer to Iowa and reiterating that the Court has jurisdiction over Chambers-Smith. (Doc. 14, #75–76).

With that, the matter is ripe for the Court's review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive

5

further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect [] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, a litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else they forfeit the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Gordon is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Moreover, "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

Gordon has repeatedly objected to the Magistrate Judge's finding that this Court lacks jurisdiction, and he has even attempted to cure any defect on that front by adding Annette Chambers-Smith as a respondent. (Doc. 6, #47–48; Doc. 9, #56–58; Doc. 11, #63–64; Doc. 14, #75–76). Moreover, because Gordon objected to the jurisdictional holding in all three R&Rs, (Docs. 4, 8, 13), the Court reviews that issue de novo. But that does not alter the result—the Court lacks jurisdiction.

As the R&Rs rightly observe, 28 U.S.C. § 2241—the jurisdictional provision in play here—adopts a bright-line, non-negotiable rule: a petitioner must file his habeas proceeding in the district where he is confined. As the Supreme Court recently put it, "[f]or 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Gordon is imprisoned in the Iowa State Penitentiary, (Doc. 3, #19), which is located in Fort Madison, Iowa. *Iowa State Penitentiary*, Iowa Department of Corrections, https://perma.cc/P8BL-7R63. Fort Madison is located in the Southern District of Iowa, Eastern Division. *About Us*, United States District Court Southern District of Iowa, https://perma.cc/9D7X-EU6G (showing district map). So that is where he must file his petition, not here in the Southern District of Ohio.

And "[b]ecause jurisdictional issues precede consideration of the merits and because the Court concludes they are dispositive here, the Court addresses only jurisdiction in this Opinion." *Crawford v. Lawrence*, No. 1:23-cv-192, 2024 WL 169110, at *2 (S.D. Ohio Jan. 16, 2024).

## CONCLUSION

For those reasons, the Court **OVERRULES** Gordon's Objections (Docs. 6, 9, 11, 14) and **ADOPTS** the R&R and Supplemental R&Rs (Docs. 4, 8, 13). Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Gordon's Petition for Writ of Habeas Corpus (Doc. 3) for lack of jurisdiction. Because the jurisdictional decision turns on the facts relating to Gordon's place of confinement, which are not subject to reasonable dispute, the Court further **DENIES** Gordon's Request for an Evidentiary Hearing, (Docs. 3, 6, 9, 11, 14) and his Motion for Reconsideration (Doc. 11). The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

November 24, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8